## TIMKEN *v.* OLIN *et al.*

(*Circuit Court, S. D. Ohio, W. D.* January 15, 1890.)

1. REFERENCE—FINDINGS OF MASTER.
   A master's report that there was an established license fee for the use of a patented article is sufficient to sustain a finding of damages to the amount of such fee, though the evidence was oral, and no license was introduced.
2. EVIDENCE—HEARSAY.
   Parol evidence as to the existence of an established license for a patent is not hearsay.

3. PATENTS FOR INVENTION—INFRINGEMENT—DAMAGES.
    Where defendants infringe on complainant's rights, it is immaterial whether they were acting in good faith, or under the supposed protection of letters patent, where actual damages only are allowed.
4. SAME—MANUFACTURE BY COMPLAINANT'S LICENSEES.
    It is no defense that the infringing article made under defendants' patent was manufactured by complainant's licensees, where the latter did not account for them to complainant, nor consider them within their license.
5. REFERENCE—FINDINGS.
    An exception that the master's report returned profits made by defendants, though profits were waived, is groundless, where the master makes his finding on the measure of the license fee alone.
6. PATENTS FOR INVENTION—INFRINGEMENT—APPORTIONMENT OF DAMAGES.
    On suit for infringement of patents of different dates, damages need not be apportioned for infringement of each.
7. SAME—MEASURE OF DAMAGES.
    The license fee is the proper measure of damages, and it is immaterial whether or not the patent is a foundation patent.

In Equity.   On exceptions to master's report.
*W. C. Eccles,* for complainant.
*Geo. J. Murray,* for respondents.

SAGE, J.   This case came on for hearing upon exceptions to the master's report.   The first exception is to the master's finding that the complainant has been damaged to the amount of license fees fixed by complainant, whereas no established license fees have been proven, and no license was introduced in evidence, and that there was nothing but hearsay testimony introduced in relation to any license.   This exception will be overruled.   The master reports that "there was an established license fee for the use of the springs, as appears by complainant's testimony in the case."   That is sufficient to sustain the finding.   Whether any license was introduced in evidence is wholly immaterial, and the objection that oral testimony to prove the existence of an established license is hearsay is not well founded.   *Wooster v. Simonson,* 20 Fed. Rep. 316.

The second exception will also be overruled.   Whether the defendants had full legal notice that they were infringing complainant's rights, and continued to infringe after such notice, which is the master's finding, is also immaterial; because the report is for actual damages only, and, the infringement being established, the complainant's right to damages does not depend upon the knowledge or the ignorance of the defendants as to the complainant's rights.   He is entitled to compensation upon proof of infringement, whether defendants were acting in good faith, or under the supposed protection of letters patent, or not.   The master's report gives to the complainant compensation only in the way of damages.

The third exception is that the master disregards the testimony of the complainant's own witness, to the effect that nearly all the springs complained of were made and sold to the defendants by the licensees of complainant.   The proposition of the counsel for the defendants is, in effect, that the fact that the defendants had the springs which they sold manufactured by complainant's licensee is a complete defense to the complainant's suit for profits or damages.   It is not proven or claimed that the licensees manufactured or sold springs for the defendants under their

license. On the contrary, they were manufactured under the defendants' patent, the licensees not accounting for them to the complainant, nor regarding them as being within the terms of their license, but, on the contrary, being assured by the defendants that they were not an infringement of complainant's patents. The complainant might, had he so chosen, have included the licensees as defendants. The mere statement of the proposition that all that is necessary for an infringer to do, in order to escape liability for his infringement, is to procure the manufacture of the infringing article by a licensee of the complainant, is sufficient for its refutation. The exception is overruled.

The fourth exception is in conflict with the facts as found by the master in accordance with the testimony, and is overruled.

The fifth exception, that "the master has returned profits as made by defendants, although none have been proven, and profits were waived by complainant," is not well taken. The master refers in his report to profits made by defendants, but the reference is to the total profits of the business of the defendants during the time of their partnership, without allowance for certain items of expense, to which the master states they were entitled; but his finding of the indebtedness of the defendants to the complainant is exclusively upon the license fee as the proper measure of damages. The fifth exception is therefore overruled.

The sixth exception and seventh exception are also overruled. There is nothing but the statement of counsel to sustain either of these exceptions. I do not find anything in the record sustaining the eighth, ninth, tenth, or eleventh exceptions. They are also overruled.

Counsel for the defendants has in his brief restated propositions against the validity of the complainant's patents. The patents having been sustained, those propositions will not be considered. Counsel refers to the fact that there are three patents in suit, that they vary in date, and that the damages for infringement of each have not been apportioned. But the fact of infringement has been established, which is all that is necessary. The proposition made by counsel that there should be an apportionment is as novel as it is unsound.

It is also urged that license fees are not a proper measure of damages, unless the patent sued upon is a foundation patent. This is a remarkable proposition, and altogether without authority. The supreme court, in *Seymour* v. *McCormick*, 16 How. 480, (one of the earlier cases,) refers to the license fee as indicating the market value of the patent, and that is the principle upon which it is recognized as a rule of damages, just as the price which people pay in market for wheat is recognized as a correct measure of its value. Whether the patent be a foundation patent is wholly immaterial. The true question is whether there is an established license fee. The master has properly found this fact in favor of the complainant, and his report is correct, and will be sustained. The decree will be for the complainant for the amount found by the master.